UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | Civil No. _____ |
| | ) | |
| | ) | |
| v. | ) | COMPLAINT FOR |
| | ) | VIOLATIONS OF: |
| MARION COUNTY NURSING HOME | ) | |
| DISTRICT d/b/a MAPLE LAWN NURSING | ) | THE CONSTITUTION, and |
| HOME, | ) | |
| | ) | THE AMERICANS WITH |
| | ) | DISABILITIES ACT |
| DEFENDANT. | ) | |
| | ) | |

## COMPLAINT

PLAINTIFF, THE UNITED STATES OF AMERICA ("Plaintiff"), by its undersigned

attorneys, hereby alleges upon information and belief:

1.     Defendant MARION COUNTY NURSING HOME DISTRICT d/b/a MAPLE

LAWN ("Defendant"), a municipal corporation that is located and transacts business in Marion

County, Missouri, within the Northern Division of the Eastern District of Missouri, is engaging

in a pattern or practice of violating the Constitutional and statutory rights of persons who reside

at Maple Lawn Nursing Home ("Maple Lawn") in Palmyra, Missouri.  Defendant has

deliberately disregarded known harm or serious risks of harm to residents at Maple Lawn, and its

actions and failures to act cause harm to Maple Lawn residents, including unnecessary

segregation, and physical, medical and psychological harm.  After negotiating extensively with

Defendant, the United States has concluded that a court order entering the settlement agreement,

filed concurrently with this Complaint, is necessary to ensure that the unconstitutional and

unlawful conditions are remedied.

## I.     JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 & 1345 and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12133.

3.     The United States is authorized to bring this action pursuant to the Civil Rights of Institutionalized Persons Act ("CRIPA"), 42 U.S.C. § 1997a, and Title II of the ADA, 42 U.S.C. § 12133. The Court may grant the relief requested pursuant to 28 U.S.C. §§ 2201-2201.

4.     The Attorney General certifies that all pre-filing requirements specified by 42 U.S.C. § 1997b have been met. The Attorney General's certificate is attached to, and incorporated in, this Complaint. All conditions precedent to the filing of this Complaint under Title II of the ADA have occurred or been performed.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b). The acts and omissions giving rise to this action occurred in the Eastern District of Missouri, and Defendant conducts business and maintains a facility in Marion County, Missouri.

## II.     DEFENDANT

6.     The citizens of Marion County, Missouri, voted to create the Defendant to operate Maple Lawn.

7.     Defendant is the entity and municipal corporation charged by the laws of the State of Missouri with authority to operate Maple Lawn and is responsible for the services and supports provided to residents living there.

8.     Defendant funds operation of Maple Lawn largely through the Medicaid program, a joint federal and state program that funds medical services for low-income persons pursuant to Title XIX of the Social Security Act, 42 U.S.C. §1396 *et seq.*

2

9.     Defendant is a "public entity" within the meaning of the ADA, 42 U.S.C. §

12131(1), 28 C.F.R. § 35.104, and is therefore subject to title II of ADA, 42 U.S.C. § 12131.

10.     Maple Lawn is an institution within the meaning of CRIPA, 42 U.S.C. § 1997(1).

11.     At all relevant times Defendant has acted or failed to act, as alleged herein, under

color of law.

### III.     FACTUAL ALLEGATIONS

#### A. Defendant is Violating the ADA by Failing to Serve Individuals in the Most Integrated Setting Appropriate to Their Needs

12.     Title II of the ADA prohibits the unjustified isolation of persons with disabilities,

42 U.S.C. § 12132; *Olmstead v. L.C.*, 527 U.S. 581, 597 (1999), and requires states and other

public entities to "administer services, programs, and activities in the most integrated setting

appropriate to the needs of qualified individuals with disabilities." 28 C.F.R. § 35.130(d).

13.     Maple Lawn is a long-term care facility ("nursing home") certified to serve up to

140 individuals.  The facility has four wings, one of which is a locked Special Care Unit

designed for individuals with dementia.

14.     Maple Lawn's residents are primarily elderly persons with disabilities that

substantially limit their ability to engage in activities of daily living without assistance.

15.     Maple Lawn's residents include "qualified individual[s] with a disability" for

purposes of the ADA, 42 U.S.C. § 12101-12213, and implementing regulation,

28 C.F.R. § 35.130(d), who meet the essential eligibility requirements for the receipt of services

or the participation in programs or activities provided by Defendant.

16.     Maple Lawn is a segregated setting where individuals with disabilities are

congregated together with little to no opportunity to interact with their non-disabled peers.

3

Residents share rooms with unrelated persons. Meal times, menus, medication times, and even activity times are regulated by a schedule set by Maple Lawn, not by residents.

17.     Defendant has failed and is continuing to fail to serve individuals in the most integrated setting appropriate to their needs by not taking sufficient steps to assess, identify, and prepare individuals for discharge from Maple Lawn to programs in the community.

18.     Defendant has failed and is continuing to fail to avoid inappropriate admissions of persons who are required by federal law to be screened before admission. Defendant conducts an inadequate Preadmission Screening and Resident Review ("PASRR") process that is required by 42 U.S.C. § 1396r(e)(7) and 42 C.F.R. §§ 483.100 to 483.138. Maple Lawn fails prior to admission to identify individuals with mental illness or developmental disabilities and/or conduct secondary screens and offer community alternatives to individuals who are identified through initial screening. Defendant's failure to properly conduct PASRR screenings has resulted in persons being served in a more restrictive setting than appropriate to their needs.

19.     Defendant fails to adequately develop and implement transition and discharge plans for the residents it has identified as appropriate for discharge to more integrated settings, causing those residents to remain inappropriately and needlessly institutionalized in violation of the ADA. Specifically, Defendant's discharge plans:

          a.  do not describe, identify, or secure the community resources necessary to serve individuals in the community, despite the fact that the facility has a written discharge planning policy that requires these issues to be addressed;

          b.  lack documentation of an individual's preferences for care, how such care is to be paid for, how care is to be coordinated, what specific care needs have

4

to be addressed after discharge, and what preparation has to be done before discharge; and

    c.  repeatedly use generic statements that the individual requires 24-hour care and supervision.

20.    Defendant fails to develop adequate discharge plans for residents who could and wish to live in more integrated settings. Residents who could live in integrated community settings remain at Maple Lawn because of Defendant's failure to assess the supports and services necessary to allow them to succeed in the community. Specifically, Defendant:

    a.  engages in inadequate discharge planning for many individuals who have expressed a desire to be discharged and who likely could be served in more integrated settings;

    b.  fails to examine options for community-based supports and services for individuals who have expressed a preference to live in the community and whose family members or other significant persons would require assistance in order to meet the individuals' needs; and

    c.  fails to provide the information individuals need to make an informed choice regarding moving to a more integrated setting.

## B. Defendant Deprives Individuals of their Constitutionally Protected Rights to Receive Adequate Healthcare Services

21.    The Constitution requires Defendant to provide adequate care for individuals' serious medical and mental health care needs. Defendant's healthcare services substantially depart from professional standards, exposing individuals at Maple Lawn to significant risk of harm, and to prolonged institutionalization at Maple Lawn.

5

22.     Defendant fails to monitor, evaluate, update, or review individual's care plans for serious medical needs, despite new diagnoses or changes in individuals' conditions. Defendant's medical care departs substantially from generally accepted professional standards. For example, residents who suddenly began to foam at the mouth or show symptoms of a stroke waited hours before nursing staff noticed or notified a physician. These failures resulted in unnecessary harm, including hospitalization, preventable falls, and a decline in functional abilities.

23.     Defendant inadequately trains nursing staff to monitor individuals for any of the known side effects of drugs. For example, nursing notes did not consider or ruled out the role of an individual's drug protocol in contributing to falls. This failure to provide adequate care for individuals' serious medical needs departs substantially from generally accepted professional standards and results in unnecessary harm, including repeated preventable falls.

24.     Defendant inadequately identifies, assesses, manages, and treats communicable diseases. For example, in several cases staff failed to implement proper isolation procedures for residents diagnosed with Methicillin-resistant Staphylococcus aureus ("MRSA"), exposing other residents to unnecessary risk of contracting MRSA. This failure to provide adequate care for individuals' serious medical needs departs substantially from generally accepted professional standards.

25.     Defendant fails to provide adequate nutrition and hydration practices. For example, Defendant fails to consistently weigh, monitor, assess, and evaluate individuals' nutritional needs, causing many individuals to suffer avoidable weight loss, compromising their individual conditions, and in some cases these failures have hastened individuals' deaths. This failure to provide adequate care for individuals' serious medical needs departs substantially from generally accepted professional standards.

6

26.    Defendant provides unnecessary psychotropic medications, with little or no monitoring of the appropriateness of the dose or drug interactions. This failure to provide adequate care for individuals' serious medical needs departs substantially from generally accepted professional standards and results in harm to residents, including increased falls, physical side-effects, and declining medical condition.

27.    Defendant fails to take basic steps necessary to adequately prevent and care for pressure sores including failing to turn and reposition individuals, failing to assess and report changes in individuals' conditions, and failing to accurately document individuals' records. This failure to provide adequate care for individuals' serious medical needs departs substantially from generally accepted professional standards and causes individuals at Maple Lawn to suffer painful and preventable pressure sores.

### C. Defendant Fails to Protect Maple Lawn Residents from Harm

28.    In violation of constitutional standards, Defendant fails to provide individuals at Maple Lawn with a safe environment or to protect individuals from harm or risk of harm in a substantial departure from generally accepted professional standards.

29.    Defendant fails to provide adequate fall prevention programs and ignores known and obvious fall risks. For example, between January and September 2009, more than 50 individuals at Maple Lawn suffered 166 documented falls, with almost 20% of these individuals falling more than five times. This failure to provide a safe environment and protect individuals residing at Maple Lawn from harm or risk of harm departs substantially from generally accepted professional standards and causes individuals to suffer harm or risk of harm from injuries, fractures, skin tears, and bruises.

7

30.     Defendant fails to lock doors and storage rooms thus exposing residents to hazardous toxins and cleaning solutions.  This failure to provide a safe environment and protect individuals residing at Maple Lawn from harm or risk of harm departs substantially from generally accepted professional standards and causes individuals to suffer harm or risk of harm from exposure to harmful and potentially fatal toxins.

31.     Defendant fails to properly monitor and secure dangerous drugs.  For example, Maple Lawn unit nurses neither count nor record highly addictive and severely restricted narcotics, such as Demerol or Morphine.  Nurses pre-sign blank or partially completed control sheets intended to monitor these narcotics.  This failure to provide a safe environment and protect individuals residing at Maple Lawn from harm or risk of harm departs substantially from generally accepted professional standards and causes individuals to suffer harm or risk of harm from misuse or overdose.

32.     Defendant fails to provide adequate repositioning and continence care.  For example, individuals are not repositioned for long periods of time, and on weekends, individuals sit in feces and urine for long periods of time.  This failure to provide a safe environment and protect individuals residing at Maple Lawn from harm or risk of harm departs substantially from generally accepted professional standards and causes individuals to suffer harm or risk of harm from pressure sores and infections.

8

## IV.   VIOLATIONS

### FIRST CLAIM:
### VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

33.   The United States re-alleges and incorporates by reference the allegations set forth in paragraphs 1-32, above.

34.   Defendant discriminates against "qualified individual[s] with a disability" within the meaning of the ADA by administering programs and services in a manner that denies those individuals the opportunity to receive services in the most integrated setting appropriate to their needs.

35.   The acts and omissions alleged in paragraphs 12-20 constitute discrimination in violation of title II of the Americans with Disabilities Act and implementing regulations. 42 U.S.C. § 12132, 28 C.F.R. § 35.130(d).

36.   Unless restrained by the Court, Defendant will continue to engage in the acts and omissions set forth in paragraphs 12-20 that deprive Maple Lawn residents of rights, privileges, or immunities secured or protected by federal law, and will cause irreparable harm to these residents.

### SECOND CLAIM:
### VIOLATIONS OF THE DUE PROCESS PROTECTIONS OF THE FOURTEENTH
### AMENDMENT TO THE UNITED STATES CONSITUTION

37.   The United States re-alleges and incorporates by reference the allegations set forth in paragraphs 1-32, above.

38.     The acts and omissions alleged in paragraphs 21-32 constitute a pattern or practice that violates the federal rights of individuals residing in Maple Lawn, as protected by the Fourteenth Amendment to the Constitution of the United States and by other federal law.

39.     Unless restrained by the Court, Defendant will continue to engage acts and omissions set forth in paragraphs 21-32 that deprive Maple Lawn residents of rights, privileges, or immunities secured or protected by the Constitution of the United States and federal law, and will cause irreparable harm to these residents.

## V.     PRAYER FOR RELIEF

WHEREFORE, the United States prays that this Court will:

a.     Permanently enjoin Defendant, its officers, agents, employees, subordinates, successors in office, and all those acting in concert or participation with it from continuing the acts and omissions set forth in Paragraphs 12 through 32 above, and require Defendant to take such actions as will ensure that care afforded to Maple Lawn residents complies with federal law, including that adequate treatment is provided in the most integrated setting appropriate to their individual needs; and

b.     Declare that the acts, omissions, and practices set forth in paragraphs 12 through 32 above constitute a pattern or practice of resistance to the residents' full enjoyment of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, and that those acts, omissions, and practices violate the Constitution and laws of the United States; and

c.     Order such other relief as the Court may deem just and proper.

10

Respectfully submitted this 4th day of __March__, 2013.

ERIC H. HOLDER, JR.
Attorney General of the United States

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

EVE L. HILL
Senior Counselor to the Assistant Attorney
General
Civil Rights Division

ALISON N. BARKOFF
Special Counsel for Olmstead Enforcement
Civil Rights Division

JONATHAN M. SMITH
Chief
MARY R. BOHAN
Deputy Chief
ALYSSA C. LAREAU
VERLIN H. DEERINWATER
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Ave., NW
Washington, D.C. 20530
(202) 514-6260
verlin.deerinwater@usdoj.gov

11



# Office of the Attorney General

### Washington, D.C. 20530

## CERTIFICATE OF THE ATTORNEY GENERAL

I, Eric H. Holder, Jr., Attorney General of the United States, certify that with regard to the foregoing Complaint, <u>United States v. Marion County Nursing Home District d/b/a Maple Lawn Nursing Home,</u> I have complied with all subsections of 42 U.S.C. § 1997b(a)(1).   I certify as well that I have complied with all subsections of 42 U.S.C. § 1997b(a)(2).   I further certify, pursuant to 42 U.S.C. § 1997b(a)(3), my belief that this action by the United States is of general public importance and will materially further the vindication of rights, privileges, or immunities secured or protected by the Constitution.

In addition, I certify that I have the "reasonable cause to believe," set forth in 42 U.S.C. § 1997a, to initiate this action, and that all prerequisites to the initiation of this suit under 42 U.S.C. §§ 1997a and 1997b have been met.

Pursuant to 42 U.S.C. § 1997a(c), I have personally signed the foregoing Complaint. Pursuant to 42 U.S.C.§ 1997b(b), I am personally signing this Certificate.

Signed this 4th day of ___March___, 2013, at Washington, D.C.

ERIC H. HOLDER, Jr.
Attorney General of the United States